JAMES DOYLE and others *v.* SAMUEL W. PECKHAM and others.

A bill in equity does not lie, to compel an assignee to pay to the preferred creditors of his assignor the proceeds of sales of property, which had been fraudulently obtained of a third person by said assignor. Such proceeds should rightfully be paid over to such person by the assignee, and a court of equity will not enjoin him from so doing.

A judgment of court, to the effect that said proceeds are not, nor were said goods before conversion, the property of the assignor, is a bar to any claim of his preferred creditors, upon said proceeds.

BILL in equity, brought by the complainants, as creditors of Philip A. Doyle, against the respondents, William T. Hall, also one of his creditors, and Samuel W. Peckham, his assignee, to enjoin the assignee from satisfying, out of the proceeds of his assignor's property, a judgment obtained against him by said Hall.

The bill charged in substance, that Philip A. Doyle, on the 30th day of December, 1863, being indebted to the complainants in various specified sums, made and executed his voluntary deed of assignment for the benefit of his creditors, to James

Doyle, which deed was accepted by said James Doyle, and that said Philip A. Doyle thereupon delivered to said James Doyle, as assignee, a large amount of property, consisting mainly of real estate, a stock of groceries and liquors, and debts due said Philip A. Doyle by book account; that the said James Doyle was afterwards removed from his office and trust as assignee, and the respondent, Samuel W. Peckham, was appointed by the Supreme Court in his stead, and took upon himself the office and trust of assignee of Philip A. Doyle, and received from James Doyle all the aforesaid property which had been by him received of Philip A. Doyle; that the said property and estate formerly belonging to Philip A. Doyle had been sold, and that the proceeds were then in the hands of the said Samuel W. Peckham, and ought to be distributed according to the provisions of the said deed of assignment; that by the terms of said deed, the complainants were entitled to have and receive payment of their debts against said Philip A. Doyle out of the proceeds of said property and estate then in the hands of the said Samuel W. Peckham, before and in preference to the payment by the said assignee, out of said proceeds, of the claims and demands of the general creditors of said Doyle; that the respondent Hall had commenced and prosecuted to final judgment a suit against the said Peckham, assignee; that said judgment entitled the said Hall to no preference or priority of payment out of the proceeds of said property and estate, but did entitle him to a dividend as one of the general creditors of said Doyle; that the complainants had requested the said Peckham, assignee, to pay them the amount of their debts out of the proceeds of said property and estate according to the provisions of said deed of assignment, but that he refused so to do, until he should first have paid, out of said proceeds, the judgment against him in favor of said Hall in full.

The bill concluded with a prayer for a decree ordering and directing the said Peckham to pay to the complainants their debts against said Doyle out of the proceeds of his estate then in his hands, before paying out of said proceeds the judgment in favor of said Hall, or any part thereof.

To this bill the respondents separately pleaded in substance as follows: (their pleas being alike *mutatis mutandis*,) that before the said complainants exhibited their bill of complaint in this court, the respondent Hall, by the consideration of the Supreme Court within and for the county of Providence, recovered judgment against the respondent Peckham, as assignee of the said Philip A. Doyle, for the sum of $1,565 92 and costs of suit; that said judgment was in full force and not reversed, annulled or satisfied; that said judgment was founded on an action of assumpsit, brought by said Hall against said Peckham as such assignee, to recover the proceeds in his hands of certain goods, to wit., liquors, purchased and obtained by said Doyle of said Hall on false representations, the title to which, on that account, never passed to said Doyle nor to his assignee; that the said Hall, by force of said judgment, claimed and was entitled to receive the amount thereof of the respondent Peckham assignee as aforesaid, as the proceeds in his hands of the sale of goods belonging to him, said Hall, and not as the proceeds of the sale of goods belonging to the said Doyle; and that they therefore pleaded the said judgment in bar to the said complainants' bill.

The case was submitted to the court upon the above bill and pleas, and, as an exhibit, the aforesaid judgment obtained by said Hall.

*J. M. Blake and Payne, for the complainants:*—

If there had been no assignment, a judgment against Doyle for the proceeds of these goods would have been like any other debt against him. The assignee is in the place of Doyle, and the same rule requires this to stand behind the preferred debts.

*S. W. Peckham, pro se ipso, and Eames, for the respondent Hall:*—

The question for the court to decide is, whether the judgment obtained by Hall against Peckham has any force and meaning. If it has any at all, it decides that the funds in the assignee's hands to the amount thereof, belong to the respondent Hall, and not to the complainants as preferred creditors under the assignment.

BRAYTON, C. J.   From the bill, plea and exhibits in this case, it appears that one Philip A. Doyle, being then in insolvent circumstances, on the thirtieth day of December, A. D. 1863, executed his deed of assignment to one James Doyle, conveying all his estate and effects in trust, for the benefit of all his creditors, with certain preferences in favor of the plaintiffs in this bill. All the goods, chattels and effects so conveyed, were, by the said James Doyle, converted into money for the purposes of the trust.   After such conversion, the said James Doyle was removed as trustee, and the respondent Peckham was appointed in his stead.   The moneys realized from the sale and conversion of the property by said Doyle, were paid to and received by the respondent as assignee, as the trust fund, to be by him administered.   Of the moneys in the hands of said Doyle, and paid over to the respondent, was the sum of about fifteen hundred dollars, the proceeds of the sale of certain personal property, namely, liquors, obtained by Philip A. Doyle of William Hall fraudulently, so that the property therein never vested in said Philip A. Doyle, or passed from the said Hall, but which were nevertheless sold by the said James Doyle, as part of the trust property.

After the receipt of the money by the respondent Peckham, William Hall commenced an action against him for the same, as money had and received to his, the said Hall's, use, and as the proceeds of his, the said Hall's, own goods.

Upon trial of the case, judgment was given, that the said Hall recover and have the moneys claimed, and that the proceeds of said goods were the proper moneys of the said Hall, received by said Peckham to his use, and not to the uses of the assignment, and, in effect, that the money was not, nor were the goods before conversion, the property of Philip A. Doyle, the assignor.

The respondent is now liable to, and proposes to pay the money so received in satisfaction of, the judgment against him, and to pay the plaintiffs, who are preferred creditors of the assignor, the residue of the fund received by him from the former assignee, or the net balance remaining in his hands.

Doyle and others *v.* Peckham and others.

The prayer of the plaintiffs' bill is, however, that the respondent may be restrained from paying the money to Hall in pursuance of the judgment and in satisfaction of it, and compelled to distribute the same among the plaintiffs as such preferred creditors.

It is quite apparent, that if the prayer of the bill is granted, namely, to distribute this sum among the plaintiffs, the respondent stands in no enviable position, and that the plaintiffs will have succeeded in obtaining from the hands of the respondent assignee, what they could not do from any rightful estate of their debtor, legal or equitable.

The judgment is against Peckham, the assignee, personally, and must be paid by him personally, and at all events he cannot defend himself now by saying or setting up what is suggested in the argument for the plaintiffs, that this judgment is but the ascertainment of the debt of Hall against the assignor Doyle. The suit is not against Doyle, and could not be, he never having had the money of the plaintiff Hall. He was not indebted to Hall. The suit is only maintainable because the transaction by which the goods were obtained passed no property in the goods, and therefore created no debt against Doyle, to be ascertained by judgment.

Both because no suit was brought against Doyle, and because there was in fact no sale, and no debt against Doyle, Hall could not be entitled to any dividend out of the trust funds, either by preference or otherwise.

The judgment of the court in the case of Hall against Peckham, defended faithfully by the assignee and aided in that defence by the plaintiffs, has established that the amount recovered by Hall never was the money or property of Doyle, the assignor, nor was it the proceeds of any property of his, and so never constituted any part of the trust funds.

The trust property is therefore by so much less, which becomes applicable, under the trust of the assignment, to the payment of the claim of the plaintiffs.

*Bill dismissed with costs.*